## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANTOINE STUCKEY, #405-649
        Petitioner        *

    v.                   *   CIVIL ACTION NO.  DKC-14-2026

PAROLE COMMISSION, et al.,    *
Respondents

### MEMORANDUM OPINION

Petitioner Antoine Stuckey, a state prisoner confined at the Maryland Reception, Diagnostic & Classification Center ("MRDCD"), filed a habeas corpus challenge on June 23, 2014, pursuant to 28 U.S.C. § 2241, alleging a due process violation based on his continued confinement while awaiting a parole revocation hearing.  (ECF No. 1).  Respondents have filed an Answer in which they argue that the Petition should be dismissed because Petitioner has failed to exhaust his due process claims in state court.  (ECF No. 4 p. 1).  Respondents also provide information showing that Petitioner received a parole revocation hearing on July 31, 2014.  Respondents' Answer is not opposed.

### Analysis

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution."  *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."  *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990).  The parties must continue to have a "personal stake in the outcome" of the litigation.  *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened

with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477).

A claim that is moot may nonetheless be considered by the court if it is "capable of repetition, yet evading review." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007).  This exception is limited.  *See Incumaa v. Ozmint*, 507 F. 3d 281, 289 (1983).  "In the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combined:  (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

Examination of Maryland's electronic case docketing system reveals that Petitioner is no stranger to the Baltimore City Circuit Court.  On June 30, 2009, Petitioner pleaded guilty to drug possession with intent to distribute and was sentenced to five years of incarceration, all suspended, with three years of supervised probation.[1]  On July 2, 2012, he pleaded guilty to violating probation on that conviction, and was sentenced to two years of incarceration.[2]  He was released on parole on July 31, 2013.  (ECF No. 4-2).

On January 9, 2014, Petitioner was arrested for drug possession.[3]  A parole violation warrant was issued.  Petitioner pleaded guilty to possession of marijuana on July 10, 2014, and was sentenced to time served.  On July 31, 2014, a Maryland Parole Commissioner held a parole

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=109063013&loc=69&detailLoc=DSK8.

[2] *See id.*

[3] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=814120002&loc=69&detailLoc=DSK8.

revocation hearing, revoked Petitioner's parole, granted him some credit for "street time," and sentenced him to serve the remainder of his probation violation conviction.[4]

Petitioner sought federal habeas corpus relief based on the delay in adjudicating his parole revocation charges.  Parole revocation has occurred.  There is no likelihood of repetition with regard to this incident, and no further remedy remains to be fashioned by this court. Accordingly, the Petition, which is moot, shall be dismissed by separate Order which follows.


   September 22, 2014                              _____/s/_____
Date                                                          DEBORAH K. CHASANOW
                                                                 United States District Judge

---

[4] Petitioner remains incarcerated on his probation violation conviction, and has not challenged the revocation in the state courts.